UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AMALIA D. NOGUERA,　　　　　　　　　　　CASE NO. 1:15-CV-22709-KMW

　　　　Plaintiff,
v.

LEON ROY HAUSMANN,
JESSICA HAUSMANN,

　　　　Defendants.
_____/

### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT UNDER 29 U.S.C. §§ 201-216 MINIMUM WAGE VIOLATIONS

　　　　Defendants LEON ROY HAUSMANN and JESSICA HAUSMANN, by and through their undersigned counsel, hereby answer the Complaint filed against them in this action, along with Affirmative Defenses and state:

　　　　1.　　Defendants admit that the Complaint purports to be for an action arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-216; Defendants deny that Plaintiff has any valid cause of action arising under that statute.

　　　　2.　　Defendants are without sufficient knowledge to admit or deny the allegations of this paragraph on grounds that Defendants are unsure of what date or dates are meant by the phrase "at the time that this dispute arose;" if the dispute "arose" at the time a pre-suit demand was received and/or the date the Complaint was filed in this action, Defendants have no knowledge of Plaintiff's place of residency at that time.

　　　　3.　　Defendants are unable to admit or deny the allegations of this paragraph to the extent that they rely on a "respective period of employment" or a "relevant time period" because those clauses are not adequately defined; Defendants otherwise deny the remaining express or implied allegations of this paragraph.

4. Defendants are unable to admit or deny the allegations of this paragraph to the extent that they rely on a "respective period of employment" or a "relevant time period" because those clauses are not adequately defined; Defendants otherwise deny the remaining express or implied allegations of this paragraph.

5. Defendants admit that Plaintiff performed work at their family residence in Miami-Dade County; all other express or implied allegations of this paragraph are denied.

## COUNT I. FEDERAL MINIMUM WAGE VIOLATION

6. Defendants admit that the Complaint purports to arise under the laws of the United States; Defendants deny that Plaintiff has any valid cause of action arising under those laws.

7. Defendants admit that the Complaint properly invokes the jurisdiction of this Court for claims purporting to be brought pursuant to 29 U.S.C. §§ 201-219.

8. Defendants object to this paragraph on grounds that it constitutes improper and unlawful pleading by failing to include any reference to any alleged facts of the case relative to the legal authorities being quoted. Further, the paragraph simply quotes particular legal authorities that are both irrelevant and incomplete. Defendants otherwise deny the allegations of this paragraph.

9. Defendants deny the allegations of this paragraph.

10. Defendant objects to the first sentence of this paragraph in that it constitutes improper and unlawful pleading by quoting particular legal authorities that are both irrelevant and incomplete. With respect to the allegations of the second sentence of this paragraph, Defendants admit that Plaintiff performed work at their family residence during certain periods of time; the remaining express or implied allegations of this paragraph are denied.

11. Defendants object to this paragraph on grounds that it constitutes improper and unlawful pleading by failing to include any reference to any alleged facts of the case relative to the legal authorities being quoted. Further, the paragraph simply quotes particular legal authorities that are both irrelevant and incomplete. Defendants otherwise deny the allegations of this paragraph.

12. Defendants deny the allegations of this paragraph.

13. Defendants deny the allegations of the first two sentences of this paragraph. Defendants deny the allegations of the third sentence of this paragraph to the extent it alleges that Plaintiff is entitled to the amounts of money Plaintiff "claims;" to the extent the third paragraph sets forth the amount or manner of how Plaintiff calculates what monetary amounts she is claiming, Defendants cannot admit or deny that allegation.

14. Defendants deny the allegations of this paragraph.

15. Defendants deny the allegations of this paragraph.

Defendants deny that Plaintiff is entitled to any of the damages, fees, costs, interests or other damages requested in her "wherefore" paragraph, and specifically deny that damages may be obtained jointly and severally from them.

### AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's claim is barred for failure to state a claim upon which relief may be granted.

2. Defendant LEON ROY HAUSMANN was not an "employer" within the meaning of the Fair Labor Standards Act and therefore no cause of action under the Act may be maintained against him.

3.     Defendant JESSICA HAUSMANN was not an "employer" within the meaning of the Fair Labor Standards Act and therefore no cause of action under the Act may be maintained against her.

4.     As to any claim for liquidated damages, Defendant LEON ROY HAUSMANN asserts that he acted in good faith and with reasonable grounds to believe that he was not violating the Act and had no actual or constructive notice of any violation of the Fair Labor Standards Act and had reasonable grounds to believe that his conduct was in compliance with that Act; thus, 29 U.S.C. §260 provides a basis for relief from any claim for liquidated and other damages.

5.     As to any claim for liquidated damages, Defendant JESSICA HAUSMANN asserts that she acted in good faith and with reasonable grounds to believe that she was not violating the Act and had no actual or constructive notice of any violation of the Fair Labor Standards Act and had reasonable grounds to believe that her conduct was in compliance with that Act; thus, 29 U.S.C. § 260 provides a basis for relief from any claim for liquidated and other damages.

6.     Plaintiff's claims are barred to the extent that she seeks recovery for all hours worked during which she was engaged in certain activities that were preliminary or post-liminary to her principle activities.

7.     Plaintiff's claims are barred to the extent she seeks recovery for hours worked during which she was actually engaged in certain activities which were non-compensable, such as taking breaks, taking care of her own personal business, or traveling to the Plaintiff's actual place of performance.

8.     Plaintiff's claims are barred because she was and treated herself as an independent contractor, not an "employee" within the meaning of the Fair Labor Standards Act.

9. To the extent that the Complaint alleges particular matters of law, including without necessary limitation in paragraphs 8, 10 and 11, Plaintiff is not entitled to have matters of law tried to a jury, and Plaintiff's demand for a jury trial should be so limited.

## CERTIFICATE OF SERVICE

We certify that a true and correct copy of this Answer and Affirmative Defenses was served by CM/ECF on October 1, 2015, upon J.H. Zidell, Esq., J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, FL 33141, jgarrett.jhzidellpa@gmail.com, Elizabeth.hueber.esq@gmail.com and zabogado@aol.com.

Respectfully submitted,

By: s/Scott A. Mager, Esq.
Scott A. Mager, Esq.
Fla. Bar No. 768502
Michael Dolce, Esq.
Fla. Bar No. 48445
Mager Dolce & Paruas, LLC
2719 Hollywood Blvd., 1st Floor
Hollywood, FL 33020
(954) 763-2800
Service@MDPLawyers.com
Michael@MDPLawyers.com
Patty@MDPLawyers.com