UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22709-CIV-WILLIAMS/SIMONTON

| | |
|---|---|
| AMALIA D. NOGUERA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| LEON ROY HAUSMANN and JESSICA HAUSMANN, | ) ) ) ) |
| Defendants. | ) ) ) |

**JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AND DISMISSAL OF CASE WITH PREJUDICE**

The Parties, by and through their undersigned counsel, respectfully move this Court for approval of their Settlement Agreement and Mutual Release, resolving the matter as set forth therein. In support thereof, the Parties state as follows:

1. Plaintiff, AMALIA D. NOGUERA ("Plaintiff"), filed this action on November 3, 2014, alleging that Defendants, LEON ROY HAUSMANN and JESSICA HAUSMANN ("Defendants") violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA"). Specifically, Plaintiff alleges that Defendants failed to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours in one or more workweeks.

2. Defendants deny Plaintiff's allegations in their entirety and assert affirmative defenses. Defendants state that Plaintiff was properly compensated for all hours worked during their employment and that no overtime wages are due or owing. However, Defendants have agreed to enter into a settlement agreement with Plaintiffs for the sole purpose of avoiding the costs and uncertainty of litigation.

3. The Parties have engaged in settlement negotiations, resulting in an accord and satisfaction embodied in the Settlement Agreement and Mutual Release the Parties signed, and which the Parties believe and agree represents a fair, reasonable, and adequate settlement of Plaintiff's claims against Defendants.

4. A copy of the Settlement Agreement and Mutual Release has been submitted to the Court via CM/ECF simultaneously with the filing of this Motion.

5. The Parties are in agreement that this Court may enter an Order Approving Settlement Agreement, Dismissing Amended Complaint with Prejudice, and Closing Case, after scrutinizing the settlement for fairness and approving the settlement. See <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

6. As payment of the settlement funds is conditioned upon Court approval, the parties condition their dismissal with prejudice upon the Court retaining jurisdiction to enforce the terms of the settlement agreement. Therefore, the effectiveness of this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the settlement agreement reached in this case. See <u>Anago Franchising, Inc. v. Shaz, LLC</u>, 677 F. 3d 1272, 1280 (11th Cir. 2012).

7. Aside from Plaintiff and Defendants, there are no other parties to this action.

**WHEREFORE**, the Parties respectfully request that this Court: (1) approve the Parties' Settlement Agreement and Mutual Release, resolving the matter on the terms set forth therein; and (2) dismiss this case, with prejudice as requested above, but retain jurisdiction for the limited purpose of enforcing the Parties' Settlement Agreement and Mutual Release.

Respectfully submitted,

| | |
|---|---|
| */s/ Elizabeth O. Hueber* | */s/ Scott Mager* |
| ELIZABETH OLIVA HUEBER, Esq. | SCOTT MAGER, Esq. |
| Florida Bar No. 73061 | Florida Bar No. 768502 |
| E-mail: elizabeth.hueber.esq@gmail.com | E-mail: Scott@MDPlawyers.com |
| | |
| J.H. ZIDELL, P.A. | MAGER & PARUAS, LLC |
| 300 71st Street, Suite 605 | 2719 Hollywood Boulevard |
| Miami Beach, Florida 33141 | Hollywood, Florida 33020 |
| Telephone: 305.865.6766 | Tel: (561) 512-2104 |
| Facsimile: 305.865.7167 | Fax: (954) 653-4645 |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANTS |
| Amalia D. Noguera | Jessica Hausmann, Leon Roy Hausmann |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22709-CIV-WILLIAMS/SIMONTON

AMALIA D. NOGUERA,  )
  )
        Plaintiff,  )
vs.  )
  )
LEON ROY HAUSMANN and  )
JESSICA HAUSMANN,  )
  )
        Defendants.  )

### ORDER APPROVING JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENTAGREEMENT AND STIPULATED DISMISSAL WITH PREJUDICE

Having reviewed the Settlement Agreement between Plaintiff, AMALIA D. NOGUERA, and Defendants, LEON ROY HAUSMANN and JESSICA HAUSMANN, it appears to the Court that due cause exists to approve settlement and dismiss the case with prejudice regarding Plaintiff's claims against Defendants with the Court to retain jurisdiction to enforce the terms of the Settlement Agreement. And therefore, it is:

**ORDERED,** and **ADJUDGED** that the Settlement Agreement is hereby **APPROVED** by the Court under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and this case is **DISMISSED WITH PREJUDICE** with the Court to retain jurisdiction to enforce the terms of the Settlement Agreement.

**DONE AND ORDERED** in chambers, at Miami, Florida, this _____ day of _____ 2016.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record